IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**SHELIA HALLMAN-WARNER,**

        **Plaintiff,**

**v.**                                      **Civil Action No. 1:26-CV-73**
                                          **(JUDGE KLEEH)**

**RYAN UMINA, and UMINA
LEGAL, PLLC,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER OF TRANSFER

On June 22, 2026, Plaintiff filed the Complaint herein [ECF No. 1], naming the above-captioned Defendants. On that same date, the Hon. Thomas S. Kleeh, Chief United States District Judge, entered a Referral Order [ECF No. 6], directing that the undersigned United States Magistrate Judge "conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

Plaintiff alleges that, "Defendants, while acting as her legal representatives and fiduciaries, engaged in misconduct that obstructed her ability to protect her legal rights, impaired her access to judicial processes, caused the loss of claims and property interests, and resulted in financial, professional, reputational, and emotional harm." [ECF No. 1, at 1]. Plaintiff also filed an accompanying motion to proceed *in forma pauperis.* [ECF No. 2]. As such, the undersigned recognizes the obligation to screen the *pro se* Complaint. See 28 U.S.C. § 1915(e)(2).

Upon review of the Complaint, the undersigned finds that matters alleged therein have minimal, if any, connection to the Northern District of West Virginia which would give rise to

1

proper venue here. However, in conducting such review, the undersigned refrains from ruling on the request to proceed *in forma pauperis* [ECF No. 2], her request to appoint counsel [ECF No. 3], or conducting a full screening of the merits of the claims which Plaintiff attempts to lodge. Such further review should be conducted by the Court with proper venue.

Plaintiff alleges that her claims are based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, "because this Complaint includes claims arising under federal law, including claims based on obstruction of access to courts, conspiracy to interfere with civil rights under 42 U.S.C. § 1985, and civil RICO under 18 U.S.C. § 1962 and 1964." [ECF No. 1, at 2 ¶7]. However, despite incorporating a statement of jurisdiction and venue within her Complaint, Plaintiff is wholly silent regarding any presentation of why venue is appropriate in this district. Nothing about the allegations, as set forth at this juncture, gives rise to venue in the Northern District of West Virginia. After all, as provided by statute:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Moreover, a companion statute provides in pertinent part that, for residency, to determine proper venue:

> (1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled; (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the

2

court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business[.]

28 U.S.C. § 1391(c).

Further, the Fourth Circuit Court of Appeals has provided four factors for consideration regarding the transfer of venue: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015).[1] In addition, "[i]t is well settled that the decision whether to transfer a matter to another district is committed to the sound discretion of the district court." Vass v. Volvo Trucks N. Am., Inc., 304 F. Supp. 2d 851, 857 (S.D. W. Va. 2004). Lastly, "[o]nce a suitable venue is found, the decision whether to transfer is left to the discretion of the trial court." FTC v. Pukke, 53 F.4th 80, 110 (4th Cir. 2022).

In the instant matter, Plaintiff has alleged events which appear to have taken place entirely contained in, and associated with, Bluefield State University, located in Bluefield, West Virginia, in the Southern District of West Virginia. Pertinently, Plaintiff provides, among other allegations, that she "retained, relied upon, or was represented by Defendants in matters involving Bluefield State University and related litigation, settlement discussions, contractual issues, disability-accommodation issues, and the preservation of Plaintiff's claims and evidence." [Id., at 3, ¶7]. Upon a thorough review of the allegations, it seems significant events, if not all of them, occurred

---

[1] Title 28 U.S.C. § 1404(a) provides for change of venue as follows, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). At bottom, under 28 U.S.C. § 1404, the original court must be a valid, proper venue. The undersigned notes that Trs. of the Plumbers involved a dispute arising under 28 U.S.C. § 1404, however, at this juncture, and considering the *pro se* status of Plaintiff, the Court declines to address whether the instant matter constitutes a potential proper venue under 28 U.S.C. § 1404.

in the Southern District of West Virginia, establishing it as a proper venue pursuant to 28 U.S.C. § 1391(b).  Regarding the Trs. of the Plumbers factors, while there is substantial weight afforded to a plaintiff's choice of venue, "that weight is lessened when the forum is not the plaintiff's home forum and when the complained-of conduct did not occur in that forum." Bell v. CSX Transp., Inc., 758 F. Supp. 3d 390, 394 (D. Md. 2024).  As such, the weight ordinarily favoring Plaintiff's choice of forum is reduced herein considering Plaintiff resides in North Carolina and the allegations chiefly stem from actions arising from Bluefield. Factors two and three, convenience of the witnesses and parties, and overall access, weigh in favor of transfer upon the same aforementioned consideration that all the alleged harms center on actions that occurred in Bluefield, within the Southern District of West Virginia.  Lastly, the fourth factor aims to broadly "encompass[] public interest factors aimed at systemic integrity and fairness." Vanden Heuvel v. Navy Fed. Credit Union, 2016 WL 7155769, at *4 (S.D. W. Va. Dec. 7, 2016) (quoting Lycos, Inc. v. TiVo, Inc., 499 F. Supp. 2d 685, 695 (E.D. Va. 2007)). Herein, Defendants have not been served, no dispositive motions have been filed, and Plaintiff's allegations are presented as completely transpiring within the Southern District of West Virginia. Thus, the interest of justice further favors the transfer.

At present, under these statutes, and the guiding precedent of the Fourth Circuit, venue is proper in the Southern District of West Virginia. As for the remedy for filing in the wrong venue, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Thus, per this statute, the Court either may (1) dismiss this action for lack of venue, or (2) transfer this action to the District where Plaintiff should have brought it in the first place.

4

To protect Plaintiff's rights as *a pro se* litigant, the undersigned will order that the action be transferred to the Southern District of West Virginia, rather than recommend to the District Judge that the action be dismissed altogether. In so doing, it will avoid prejudice to Plaintiff which may arise from outright dismissal for failure to file in the proper venue. What is more, "[a]n order issued by a magistrate judge transferring venue . . . is non-dispositive." Shenker v. Murasky, No. 95 CV 4692, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996); see also 28 U.S.C. § 636(b)(1)(A) (setting forth the scope of United States Magistrate Judge authority). Thus, the undersigned enters the instant Memorandum Opinion and Order, given the non-dispositive nature of the decision issued hereby.

Accordingly, it is hereby **ORDERED** that proper venue for the instant matter is the Southern District of West Virginia and that the matter shall be transferred to that District.

The Clerk of the Court is **DIRECTED** to **TRANSFER** this matter, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Southern District of West Virginia.

**Dated: June 24, 2026**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

5